OPINION
{¶ 1} On June 24, 2002, appellant Adam Rush was charged with driving under the influence of alcohol in violation of R.C. 4511.19
(A)(1)and (A)(3). The ticket alleged that he was driving with a blood alcohol concentration of .215, pursuant to a BAC test.
 {¶ 2} On July 9, appellant entered a plea of not guilty. Appellant was represented by appointed counsel at the time. On July 17, 2002, counsel received discovery. The case was scheduled for a pre-trial conference on August 5, which was continued until August 9. The case was continued again, and finally set for pre-trial conference on September 10, 2002. Counsel appeared, but appellant failed to appear. The case was re-set for November 25, upon appellant's motion to continue. Again, counsel for appellant appeared for the conference, but appellant failed to appear.
 {¶ 3} Counsel for appellant withdrew, and new counsel was appointed to represent appellant. The case was set for jury trial on August 29, 2002; September 17, 2002; December 17, 2002; and January 7, 2003. The State requested the continuance of the trial from December 17 to January 7. All other continuances were at the request of appellant, or necessitated by appellant's failure to appear.
 {¶ 4} On December 13, 2002, appellant filed a motion to suppress. The motion generally claimed that there was no probable cause to arrest appellant, the administration of the BAC test did not comply with Department of Health regulations, the field sobriety tests were not administered in compliance with the appropriate standards, and statements taken from appellant were obtained in violation of his right against self-incrimination and his right to counsel. The motion did not set forth specific facts related to the case in support of the motion. The court overruled the motion as untimely, finding that pursuant to Crim.R. 12(D), all pre-trial motions are required to be filed within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court noted that there was no sound reason for extending the time within which to file a motion to suppress, as the court held two pre-trial conferences with counsel, there was no indication that discovery was not provided to counsel, and the suppression motion was filed more than five months after the appointment of counsel.
 {¶ 5} Appellant assigns a single error on appeal:
 {¶ 6} "THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S MOTION FOR LEAVE TO FILE HIS SUPPRESSION MOTION AND ERRED BY NOT SETTING THE SUPPRESSION MOTION FOR HEARING."
 {¶ 7} A defendant's failure to timely file a motion to suppress results in a waiver of the issue, but the court for good cause shown may grant relief from the waiver. Crim.R. 12(H). The decision as to whether to permit leave to file an untimely motion to suppress is within the sound discretion of the trial court, and we will not reverse a trial court's decision regarding an untimely filed motion absent an abuse of discretion. E.g., State v. Hoover, Wayne Appellate No. 02-06-0964,2003-Ohio-2344.
 {¶ 8} The record does not reflect the court abused its discretion in denying appellant's untimely filed motion to suppress. Discovery was provided to counsel for appellant in a timely fashion. The suppression motion filed by appellant does not set forth specific facts related to the case in support of the motion. Further, counsel for appellant filed a motion to reconsider on January 2, 2003, again merely reciting that the facts as relayed by appellant warranted a hearing on the motion to suppress, and discovery had yielded additional information regarding the machine used, without setting forth specific facts supporting his claim. The record does not reflect that the motion to suppress would have potentially been meritorious, nor does the record reflect that counsel was in any way impeded from obtaining and reviewing discovery in order to timely file a motion to suppress. The court did not abuse its discretion in overruling the motion as untimely.
 {¶ 9} The assignment of error is overruled.
 {¶ 10} The judgment of the Delaware Municipal Court is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.